IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS A. SIMONIAN, <br><br> Plaintiff, <br><br> v. <br><br> EDGECRAFT, CORP., <br><br> Defendant. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR FALSE PATENT MARKING

Plaintiff THOMAS A. SIMONIAN ("Plaintiff"), by his attorneys, hereby complains against Defendant EDGECRAFT, CORP. ("Defendant") as follows:

### I.
### NATURE OF THE CASE

1. This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. §292.

2. As set forth below, Defendant has violated 35 U.S.C. §292(a), by marking certain of its Chef's Choice® branded products with United States Patent Number 4,807,399 ("the '399 Patent"), United States Patent Number 4,897,965 ("the '965 Patent"), and United States Patent Number 5,005,319 ("the '319 Patent") (collectively, "the Expired Patents"), even though the '399 Patent has been expired since October 9, 2006, the '965 Patent has been expired since January 31, 2009, and the '319 Patent has been expired since August 22, 2009. On information and belief, Defendant marks certain of its Chef's Choice® branded knife sharpening products with the Expired Patent with the intent to deceive the public and to gain a competitive advantage in the market.

3. Plaintiff seeks an award of monetary damages against Defendant pursuant to 35 U.S.C. §292(b) of up to $500 for each offense, with one-half going to the use of the United States and the other half going to the person bringing the action.

## II.
## THE PARTIES

4. Plaintiff is a person residing in Geneva, Illinois.

5. Defendant EDGECRAFT, CORP. is a Corporation established under the laws of the State of Delaware with its principal place of business at 825 Southwood Road, Avondale, Pennsylvania 19311.

6. Upon information and belief, Defendant is the maker of Chef's Choice® products and a leading manufacturer of kitchen appliances. In particular, Defendant currently sells, for example, but not limited to: (1) Chef's Choice® Diamond Hone® EdgeSelect® Professional Knife Sharpener Model 120 ("EdgeSelect® Professional Knife Sharpener Model 120"); and (2) Chef's Choice® Diamond Hone® Multi-Stage Compact Knife Sharpener Model 310 ("Diamond Hone® Multi-Stage Knife Sharpener Model 310").

7. The EdgeCraft® EdgeSelect Professional Knife Sharpener Model 120 is currently sold in packaging marked as shown below:





Assembled in USA. U.S. Patents 4,807,399, 5,611,726, 6,012,971, 6,113,476, 6,267,652 and D,409,891. Other U.S. and foreign patents pending. Chef'sChoice® Trizor®, Diamond Hone®, EdgeCraft®, and ✿® are trademarks of EdgeCraft Corporation.

8.     The EdgeCraft® Diamond Hone® Multi-Stage Knife Sharpener Model 310 is currently sold in packaging marked as shown below:







9.  Defendant markets the EdgeCraft® EdgeSelect® Professional Knife Sharpener Model 120 as a "sharpening breakthrough" and that "in just seconds, an edge of unprecedented sharpness and durability is obtained on fine edge (straight edge) and serrated knives. The flawless, highly polished fine edge can be customized to suit the cutting task." (See for example, http://edgecraft.com/page2a_m120.html, last visited on Feb 22, 2010, as well as the product packaging).

10.  Upon information and belief, Defendant is a sophisticated company and has many decades of experience applying for, obtaining, and litigating patents.

4

11. Upon information and belief, Defendant has previously accused companies of patent infringement.

12. As a sophisticated company, upon information and belief, that has previous litigated or overseen litigation of patent infringement cases and who regularly prosecutes or oversees patent prosecution, Defendant (by itself or by its representatives) knows, or reasonably should know, of the requirements of 35 U.S.C. §292.

## III.
## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c), and 1395(a), because Defendant's falsely marked products were and are offered for sale and sold in this District.

15. This Court has personal jurisdiction over Defendant because it has sold and continues to sell its falsely marked products, in Illinois and in this District and/or in the stream of commerce with knowledge that they would be sold in Illinois and in this District. Upon information and belief, such sales by Defendant are substantial, continuous, and systematic.

## IV.
## COUNT I - FALSE MARKING OF THE '399 PATENT

16. Plaintiff incorporates paragraphs 1-15 as if fully set forth herein.

17. When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently protected by such expired patent.

18. Defendant by itself or by its representatives cannot genuinely believe that a patent does not expire and that prospective patent rights apply even after its expiration.

19. The '399 Patent, entitled "Method and apparatus for sharpening a knife," was filed on October 9, 1987, issued on October 9, 1986 and expired on October 9, 2006. A true and correct copy of the '399 Patent is attached hereto as Exhibit A.

20. The Abstract of the '399 Patent states as follows:

*"A knife sharpener is provided with a pre-sharpening section and with two honing sections. The pre-sharpening section includes a pair of spring biased back to back rotary disks. The honing sections include orbitally driven sharpening members."*

21. Upon information and belief, Defendant has in the past marked, or caused to be marked, and presently marks, or causes to be marked, for example, but not limited to, at least the following products and/or packaging thereof, with the '399 Patent, with knowledge that the '399 Patent has expired: EdgeSelect® Professional Knife Sharpener Model 120.

22. The false patent markings for the EdgeSelect® Professional Knife Sharpener Model 120 product is found on the product packaging. (*See* paragraph 7 above)

23. The instance of false marking shown in paragraph 7 above is representative and not exhaustive.

24. Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the '399 Patent marked on the EdgeSelect® Professional Knife Sharpener Model 120 has expired.

25. Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the EdgeSelect® Professional Knife Sharpener Model 120 is not covered by the expired '399 Patent marked on such product because an expired patent has no prospective rights.

26. Upon information and belief, Defendant intentionally included the expired '399 Patent in the patent markings of the EdgeSelect® Professional Knife Sharpener Model 120, in an attempt to prevent competitors from using the same or similar method of sharpening knives.

6

27. Upon information and belief, Defendant marks the EdgeSelect® Professional Knife Sharpener Model 120 with the expired '399 Patent for the purpose of deceiving the public into believing that something contained in or embodied in the product is covered by or protected by the expired '399 patent.

28. Each false marking on the EdgeSelect® Professional Knife Sharpener Model 120 is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

29. Defendant has wrongfully and illegally advertised patent rights which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

30. Upon information and belief, Defendant knows, or reasonably should know, that marking the EdgeSelect® Professional Knife Sharpener Model 120 with false patent statements was and is illegal under Title 35 United States Code. At a minimum, Defendant had and has no reasonable basis to believe that its use of the false markings was or is proper or otherwise permitted under federal law.

31. Upon information and belief, Defendant's marking of its EdgeSelect® Professional Knife Sharpener Model 120 with the expired '399 Patent, as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

32. Upon information and belief, for at least the reasons set forth herein, Defendant has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely benefitted in at least maintaining its considerable market share with respect to the herein described EdgeSelect® Professional Knife Sharpener Model 120 in the market place.

33. The instances of false marking alleged in Count I of this Complaint are representative and not meant to be exhaustive.

34. For at least the reasons provided herein, and/or for reasons which will be later evidenced, each expired patent which is marked on a product contributes to causing harm to the Plaintiff, the United States and the general public.

35. Thus, each expired patent marked on a product, directly or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears is a separate "offense" pursuant to 35 U.S.C. §292(a).

## V.
## COUNT II - FALSE MARKING OF THE '965 PATENT

36. Plaintiff incorporates paragraphs 1-35 as if fully set forth herein.

37. The '965 Patent, entitled "Knife Sharpening Apparatus," was filed on January 31, 1989, issued on February 6, 1990 and expired on January 31, 2009. A true and correct copy of the '965 Patent is attached hereto as Exhibit B.

38. The Abstract of the '965 Patent states as follows:

*"A knife sharpening apparatus includes a moving abrasive surface. A magnetic guide has a guide surface in a plane disposed at a predetermined angle which intersects the plane of the abrasive surface. The magnetic guide is made from a magnetized material having opposite polarity north and south magnetic pole faces with a first ferromagnetic member located against one pole and a second non-planar ferromagnetic member located in part against the other pole and in part extending parallel to the guide surface and contiguous to the magnetized material. The second ferromagnetic member is located at the surface remote from the abrasive surface."*

39. Upon information and belief, Defendant has in the past marked, or caused to be marked, and presently marks, or causes to be marked, for example, but not limited to, at least the following product and/or packaging thereof with the '965 Patent with knowledge that the '965 Patent has expired: Diamond Hone® Multi-Stage Knife Sharpener Model 310.

40. The false patent markings for the Diamond Hone® Multi-Stage Knife Sharpener Model 310 is found on the product packaging. (*See* paragraph 8 above)

41. The instance of false marking shown in paragraph 8 above is representative and not exhaustive.

42. Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the '965 Patent marked on the Diamond Hone® Multi-Stage Knife Sharpener Model 310 has expired.

43. Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the Diamond Hone® Multi-Stage Knife Sharpener Model 310 is not covered by the expired '965 Patent marked on such product because an expired patent has no prospective rights.

44. Upon information and belief, Defendant intentionally included the expired '965 Patent in the patent markings of the Diamond Hone® Multi-Stage Knife Sharpener Model 310 in an attempt to prevent competitors from using the same or similar knife sharpening apparatus.

45. Upon information and belief, Defendant marks the Diamond Hone® Multi-Stage Knife Sharpener Model 310 with the expired '965 Patent for the purpose of deceiving the public into believing that something contained in or embodied in the product is covered by or protected by the expired '965 Patent.

46. Each false marking on the Diamond Hone® Multi-Stage Knife Sharpener Model 310 is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

47. Defendant has wrongfully and illegally advertised patent rights which it does not possess and, as a result, has benefited commercially and financially by maintaining false statements of patent rights.

48. Upon information and belief, Defendant knows, or reasonably should know, that marking the Diamond Hone® Multi-Stage Knife Sharpener Model 310 with false patent statements was and is illegal under Title 35 of the United States Code. At a minimum, Defendant had no reasonable basis to believe that its use of the false markings was or is proper or otherwise permitted under federal law.

49. Upon information and belief, Defendant's marking of its Diamond Hone® Multi-Stage Knife Sharpener Model 310 with the expired '965 Patent, as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

50. Upon information and belief, for at least the reasons set for the herein, Defendant has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely benefited in at least maintaining its market share with respect to the herein described Diamond Hone® Multi-Stage Knife Sharpener Model 310 in the market place.

51. The instances of false marking alleged in Count II of this Complaint are representative and not meant to be exhaustive.

52. For at least the reasons provided herein, and/or for reasons which will later be evidenced, each expired patent which is marked on a product contributes to causing harm to the Plaintiff, the United States and the general public.

53. Thus, each expired patent marked on a product, directly or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears is a separate "offense" pursuant to 35 U.S.C. §292(a).

## VI.
## COUNT II - FALSE MARKING OF THE '319 PATENT

54. Plaintiff incorporates paragraphs 1-50 as if fully set forth herein.

55. The '319 Patent, entitled "Knife Sharpener," was filed on August 22, 1989, issued on April 9, 1991 and expired on August 22, 2009. A true and correct copy of the '319 Patent is attached hereto as Exhibit C.

56. The Abstract of the '319 Patent states as follows:

*"A knife sharpener includes a sharpening member having a flat outer face with abrasive particles mounted thereon. The sharpening member is orbitally driven to impart an orbital motion to each of the particles of no greater than 3/8 inch effective diameter and an orbital velocity of no greater than 1500 feet per minute."*

57. Upon information and belief, Defendant has in the past marked, or caused to be marked, and presently marks, or causes to be marked, for example, but not limited to, at least the following product and/or packaging thereof with the '319 Patent with knowledge that the '319 Patent has expired: Diamond Hone® Multi-Stage Knife Sharpener Model 310.

58. Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the '319 Patent marked on the Diamond Hone® Multi-Stage Knife Sharpener Model 310 has expired.

59. Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the Diamond Hone® Multi-Stage Knife Sharpener Model 310 is not covered by the expired '319 Patent marked on such product because an expired patent has no prospective rights.

60. Upon information and belief, Defendant intentionally included the expired '319 Patent in the patent markings of the Diamond Hone® Multi-Stage Knife Sharpener Model 310 in an attempt to prevent competitors from using the same or similar knife sharpening apparatus.

61. Upon information and belief, Defendant marks the Diamond Hone® Multi-Stage Knife Sharpener Model 310 with the expired '319 Patent for the purpose of deceiving the public into believing that something contained in or embodied in the product is covered by or protected by the expired '319 Patent.

62. Each false marking on the Diamond Hone® Multi-Stage Knife Sharpener Model 310 is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

63. Defendant has wrongfully and illegally advertised patent rights which it does not possess and, as a result, has benefited commercially and financially by maintaining false statements of patent rights.

64. Upon information and belief, Defendant knows, or reasonably should know, that marking the Diamond Hone® Multi-Stage Knife Sharpener Model 310 with false patent statements was and is illegal under Title 35 of the United States Code. At a minimum, Defendant had no reasonable basis to believe that its use of the false markings was or is proper or otherwise permitted under federal law.

65. Upon information and belief, Defendant's marking of its Diamond Hone® Multi-Stage Knife Sharpener Model 310 with the expired '319 Patent, as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

66. Upon information and belief, for at least the reasons set for the herein, Defendant has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely benefited in at least maintaining its market share with respect to the herein described Diamond Hone® Multi-Stage Knife Sharpener Model 310 in the market place.

67.     The instances of false marking alleged in Count II of this Complaint are representative and not meant to be exhaustive.

68.     For at least the reasons provided herein, and/or for reasons which will later be evidenced, each expired patent which is marked on a product contributes to causing harm to the Plaintiff, the United States and the general public.

69.     Thus, each expired patent marked on a product, directly or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears is a separate "offense" pursuant to 35 U.S.C. §292(a).

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

(a)     A decree that Defendant has falsely marked products in violation of 35 U.S.C. §292;

(b)     An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative amount as determined by the Court, one half of which should be paid to the United States of America;

(c)     An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

(d)     All costs and fees incurred as a result of the prosecution of this action; and

(e)     Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

## VIII.
## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury trial on all issues triable by jury.

Dated: February 24, 2010

Respectfully submitted,

_____
Joseph M. Vanek

*Attorneys for Plaintiff*

Joseph M. Vanek
IL State Bar No. 6197046
Thomas A. Vickers
IL State Bar No. 6226288
David P. Germaine
IL State Bar No. 6274984
Jeffrey R. Moran
IL State Bar No. 6283573
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: tvickers@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Bruce S. Sperling
IL State Bar No. 2687925
Robert D. Cheifetz
IL State Bar No. 6210105
SPERLING & SLATER, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603
(312) 641-3200 Telephone
(312) 641-6492 Facsimile
E-mail: bss@sperling-law.com
E-mail: robc@sperling-law.com

Eugene M. Cummings
IL State Bar No. 556394
David M. Mundt
IL State Bar No. 6243545
David Lesht
IL State Bar No. 6180985
Martin Goering
IL State Bar No. 6286254
Konrad V. Sherinian
IL State Bar No. 6290749
Panasarn Aim Jirut
IL State Bar No. 6281877
Jessica Rissman
IL State Bar No. 6300680
EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, Illinois 60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com
E-mail: ajirut@emcpc.com
E-mail: jrissman@emcpc.com
E-mail: mcadrot@emcpc.com
E-mail: erynne@emcpc.com