**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS A. SIMONIAN, | ) | |
|               Relator, | ) | Civil Action No. 1:10-cv-01263 |
| | ) | |
|    v. | ) | Hon. John F. Grady |
| | ) | |
| EDGECRAFT CORP. | ) | **Jury Demand** |
| | ) | |
|           Defendant. | ) | |
| | ) | |

**Relator's Response in Opposition to Defendant's Motion to Transfer To The Eastern District of Pennsylvania**

Thomas A. Simonian, as *qui tam* relator on behalf of the United States of America ("Relator"), respectfully submits this Response in Opposition to the Motion to Transfer Venue to the Eastern District of Pennsylvania filed by EdgeCraft Corp. ("EdgeCraft").

**I. Introduction**

A plaintiff's choice of forum is given great deference, particularly when the plaintiff resides in the district selected. *Abbott Laboratories v. Inverness Medical Switzerland GMBH*, 2007 U.S. Dist. LEXIS 78344, *6 (N.D. Ill. 2007).[1] The deference to plaintiff's home venue is not overcome, as EdgeCraft suggests, merely because the transferee forum is slightly more convenient to the defendant. Instead, the movant must show that the transferee forum is *clearly* more convenient for all parties and witnesses. *See Id.* at 4. EdgeCraft has not met its heavy burden.

The record is clear that both parties have relevant contacts with Illinois and the Northern District and would not be inconvenienced by litigating here. To begin, the Relator, Thomas Simonian, resides in Geneva, Illinois, and chose to litigate in his home forum. All documentary

---

[1] All unpublished decisions are attached as **"Group Exhibit 1"** in order of appearance

evidence related to the Relator's Complaint is located here. *See* Relator's Complaint, attached as "**Exhibit A.**" Mr. Simonian has no relevant contacts with Pennsylvania.

EdgeCraft has ties to Northern District as well. EdgeCraft sells its products, including those at issue, throughout the forum. *See* Gander Mtn. /Home Depot product descriptions and store locations attached as "**Exhibit B**"; Defendant's Motion to Transfer Venue at 2. Relevant documentation related to the sales of the falsely marked products is thus located here. *Id.*

Additionally, the speed at which a case will be resolved is also an important consideration in transfer analysis. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986). Based on federal court statistics, the resolution of this matter will likely be quicker in the Northern District of Illinois than in the Eastern District of Pennsylvania. *See* U.S. District Court-Judicial Caseload Profiles attached as "**Exhibit C.**"

Given the deference afforded to the Relator's choice to litigate in his home forum, EdgeCraft's relevant contacts with the District, and the Northern District's greater efficiency in resolving cases, it is clear that EdgeCraft has not met its burden. Transfer should be denied. [2]

## II.  ARGUMENT

### A. Applicable Legal Standard

Transfer is warranted only when the movant demonstrates that the transferee forum is clearly more convenient. *Coffey,* 796 F.2d at 219-220; *Abbott Laboratories v. Inverness Medical Switzerland GMBH*, 2007 U.S. Dist. LEXIS 78344, *4. Section 1404(a) places discretion in the

---

[2] EdgeCraft cites *San Francisco Technology v. Adobe Systems, Inc.* in support of its transfer motion. *See* Defendant's Motion at 4-5.  EdgeCraft's reliance on *San Francisco Technology* is misplaced. As EdgeCraft itself notes in its motion, the plaintiff in that case essentially consented to a transfer. Conversely, the Relator strongly opposes transfer of this case for the reasons stated herein. Further, the more applicable decision pertaining to transfer in the context of a false marking action is *Harrington v. Ciba Vision Corp.*, where the court properly denied transfer after an analysis of the relevant factors. *See* 2008 U.S. Dist. LEXIS 64119 at *2-9 (2008).

district court to adjudicate motions to transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Coffey,* 796 F.2d at 219.

In its transfer analysis, a court must consider both private and public factors. *Abbott Laboratories*, 2007 U.S. Dist. LEXIS 78344, *13. The private factors include: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the ease of access to sources of proof; and (5) the situs of material events. *Id.* at 6. The public factors include the court's familiarity with the applicable law and the speed at which the case will be resolved. *Coffey,*796 F.2d at 221. If the balance of factors does not weigh strongly in favor of the defendant, the plaintiff's choice of venue should rarely be disturbed. *See In re National Presto*, 347 F.3d 662, 664 (7th Cir. 2003).

**B.     The Private Interest Factors Do Not Establish That The Eastern District of Pennsylvania Is Clearly More Convenient Than The Northern District of Illinois.**

No one factor is individually dispositive. However, as analyzed below, all of the private interest factors favor a denial of transfer.

### 1.     Plaintiff's home forum is entitled to great deference.

Plaintiff's forum is generally given great deference. *Abbott Laboratories*, 2007 U.S. Dist. LEXIS 78344, *6. This is particularly true when the plaintiff resides in the chosen district. *Id.* As stated, the Relator resides in Geneva, Illinois and has no relevant connections with the Eastern District of Pennsylvania.  Therefore, the Relator's choice to litigate in the Northern District should be respected, and he should not be forced to endure the burden of litigating on EdgeCraft's home turf.

EdgeCraft seeks to diminish the deference given to the Relator's choice of forum by contending that Pennsylvania has a much stronger relationship to the litigation than Illinois.

EdgeCraft is wrong. *See* Defendant's Motion at 5. The Northern District has an equally strong, if not stronger, connection to this lawsuit than Pennsylvania given that the Relator lives in the District, EdgeCraft sells the accused products in the District and the public injury caused by the mismarking occurred in the District. *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1303 (Fed. Cir. 2009) (explaining that the public is injured when it must expend search costs to determine the status of intellectual property). As such, EdgeCraft's reliance on *Amrose v. CH Robinson*, 521 F.Supp.2d 731, and *Chicago Rock Island and Pacific Railroad v. Igoe*, 220 F.2d 299, cases where plaintiff's chosen forum was given less weight because the venue had minimal or no connection to the litigation, is misplaced.

EdgeCraft also seeks to brush aside the Relator's choice of venue because this case is a *qui tam* action. There is no basis for EdgeCraft's position. Indeed, as with other lawsuits, the Relator's choice of forum is entitled to deference in a false marking *qui tam* action because the burden remains on the Relator to litigate the action on behalf of the United States.[3] *See Harrington v. Ciba Vision Corp.*, 2008 U.S. Dist. LEXIS 64119 at *2-6 (2008). A plaintiff in a false marking action, just like any other plaintiff, is responsible for litigating its own case. As such, a false marking plaintiff's chosen forum is entitled to the same deference as any other plaintiff's chosen forum.

Because the Relator's choice of forum is entitled to deference, and because the Relator chose his home forum, this factor clearly weighs against transfer.

2.    **The convenience to the parties and witnesses weighs against transfer.**

---

[3] In a false marking action, the litigation burden falls solely on the relator. Conversely, in a lawsuit brought under the False Claims Act, the government may intervene and litigate for itself. *Compare* 31 U.S.C. §3730(c)(1) with 35 U.S.C. §292; *Forest Group,* 590 F.3d at 1304.

The Relator is a resident of this District. *See* **Ex. A.** Thus, while EdgeCraft may have employee witnesses in Pennsylvania, their convenience is outweighed by the Relator's convenience in litigating in his home forum, which is entitled to greater weight.

Just because it may be more convenient for EdgeCraft to litigate at home, that does not warrant a transfer. The convenience of all parties and witnesses needs to be considered, and it is clearly more convenient for the Relator to litigate in this forum. *See Abbott Laboratories*, 2007 U.S. Dist. LEXIS 78344, *4. In fact, when both parties claim their home venue is more convenient, "…the tie is awarded to the plaintiff." *See In re National Presto*, 347 F.3d at 665. Moreover, any burden on EdgeCraft's employee witnesses is entitled to little weight. As this court held in *Abbott Laboratories*, "Courts typically presume that witnesses who are parties' employees and paid experts will appear voluntarily and therefore are less concerned about the burden that appearing at trial might impose on them." 2007 U.S. Dist. LEXIS 78344, *10.

It should also be noted that when evaluating the convenience of the parties, a court considers the parties' "residences and their abilities to bear the expense of trial in a particular forum." *Medi, USA* v. *Jobst. Institute, Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992). Given the relative size of Defendant, a large corporation, and the Relator, an individual citizen, transfer of venue will work a substantial hardship on the Relator. To force the Relator to litigate in Pennsylvania in order to go forward with his claim would merely increase the financial burdens he already faces on behalf of the United States. Any added expenses that EdgeCraft might incur as a consequence of defending itself in this District do not justify shifting these expenses to the Relator.

Transfer is not warranted when the transferee forum is more convenient for the defendant. *See Abbott Laboratories*, 2007 U.S. Dist. LEXIS 78344, *4. Instead, the convenience

of all parties and witnesses must be considered, and in this case, that convenience weighs against transfer.

3. **The ease of access to sources of proof and the situs of material events weighs against transfer.**

EdgeCraft asserts that "[a]ll documents pertaining to EdgeCraft's alleged activities are located in or around southeastern Pennsylvania." *See* Defendant's Motion at 8. That assertion is false. EdgeCraft sells the falsely marked products in Illinois and this District. *See* Defendant's Motion at 2; **Ex. B.** Thus, documentation relating to the sales of the falsely marked products is located here.

Moreover, although some evidence in this case will come from Pennsylvania, this factor is not as strong as EdgeCraft suggests. Document discovery can be conducted effectively, efficiently and inexpensively in this forum. Given advances in technology, document production in paper format is rare. *See* Seventh Circuit Electronic Discovery Pilot Program, Oct. 1, 2009 attached as "**Exhibit D.**" Thus, the cost of exchanging documents is no longer greatly impacted by physical distance and the location of documents has little impact on transfer analysis. *See* *Kolcraft Enterprises, Inc. v. Chicco USA, Inc.*, 2009 U.S. Dist. LEXIS 101605, **5-6, (N.D. Ill. 2009). In this case, corporate sales figures and product data relating to patent markings can easily be exchanged electronically.

Furthermore, EdgeCraft will certainly seek to depose the Relator and obtain tangible evidence in his possession. See *Harrington*, 2008 U.S. Dist. LEXIS 64119 at *2-6 (rejecting the notion that in a false marking case plaintiff's location is irrelevant because of the nature of the qui tam action; the plaintiff will be burdened in a false marking case even if the action is transferred to an adjacent state because the defendant will certainly seek discovery from the plaintiff). As such, most, if not all, of EdgeCraft's discovery will occur within this District.

EdgeCraft also incorrectly claims that the situs of material events took place in Pennsylvania because its products are designed and packaged there. *See* Defendant's Motion at 6-7. However, the material events of a false marking qui tam action include both the act of false marking and the injury to the public caused by the false marking. As the Federal Circuit stated in *Clontech Laboratories, Inc. v. Invitrogen Corp*, the public is injured from false marking because it must expend search costs to determine the status of intellectual property. 406 F.3d 1347, 1356-57 (Fed. Cir. 2005). Because the falsely marked products are sold here, the harm described in *Clontech Labs* has occurred in this District. As such, material events related this lawsuit occurred in Illinois as well as Pennsylvania.

There will clearly be extensive discovery taking place in this forum given Relator's residence and the material events that took place in the District. As such, this factor weighs against transfer.

## C.  The Public Interest Factors Do Not Establish That The Eastern District of Pennsylvania Is A More Appropriate Venue Than The Northern District of Illinois.

When analyzing a transfer motion, courts must compare the efficiency of the respective venues. *See Coffey*, 796 F.2d at 221. The factors to be weighed in this analysis include the speed at which a resolution can be expected and the courts' familiarity with the applicable law. *Id.* Both this Court and the Eastern District of Pennsylvania have false marking cases pending, so the familiarity with the law factor is neutral. However, based on past statistics, this Court will resolve this matter more quickly than the Eastern District of Pennsylvania, thus favoring a denial of transfer. *See* **Ex. C.**

While the time to trial is comparable in both Districts, the pendency of a civil case from filing to disposition in the Northern District of Illinois is much shorter than in the Eastern District

of Pennsylvania – 6.2 months in the Northern District of Illinois versus 13.2 months in the

Eastern District of Pennsylvania. *Id.* Additionally, the percentage of cases over three years old is

lower here than in the Eastern District of Pennsylvania – 11.7% versus 13.8%. *Id.* The parties

can therefore expect a quicker resolution of this matter if it remains in the Northern District,

which will save time and resources. Thus, the public interest factors favor a denial of transfer.

### III. CONCLUSION

Transfer is warranted only if the movant can show that the transferee venue is clearly

more convenient. The record is clear that the Northern District has significant connections to this

litigation. The Relator lives here, EdgeCraft sells the accused products here, and relevant

documents are located here. The extensive ties both parties have to the forum, coupled with the

deference given to the Relator's choice of venue, demonstrate that EdgeCraft has failed to meet

its burden. Transfer should be denied.


Respectfully submitted:

By /s/ John P. Bjork_____

Joseph M. Vanek
John P. Bjork
Vanek, Vickers & Masini
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606


Bruce S. Sperling                    Martin Goering
Robert D. Cheifetz                   Jessica E. Rissman
Sperling & Slater, P.C.              Eugene M. Cummings, P.C.
55 W. Monroe, Suite 3200             One North Wacker Drive
Chicago, Illinois 60603              Suite 4130
                                     Chicago, IL 60606

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2010 , I provided service upon all counsel of record via the District Court of the Northern District of Illinois' CM/ECF System which will send notification of this filing to the registered attorneys of record.

/s/ John P. Bjork
John P. Bjork