### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| THOMAS A. SIMONIAN,                    ) | |
| )| |
|      Plaintiff,             ) | |
| ) | |
|   v.                             ) | No.  10 C 1263 |
| ) | |
| EDGECRAFT CORP.,                       ) | |
| ) | |
|      Defendant.            ) | |

### MEMORANDUM OPINION

Defendant Edgecraft Corp. ("Edgecraft") has filed three motions: (1) to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b); (2) alternatively, to stay this action pending resolution of two matters before the United States Court of Appeals for the Federal Circuit; and (3) alternatively, to transfer this action to the Eastern District of Pennsylvania.  For the reasons explained below, the motion to dismiss the complaint is granted, and the motions to stay and to transfer are denied as moot.

### BACKGROUND

Plaintiff Thomas A. Simonian, "a person residing in Geneva, Illinois," Compl. ¶ 4, brings this action against Edgecraft for false patent marking under 35 U.S.C. § 292.  Plaintiff alleges that Edgecraft has violated the statute by marking certain of its Chef's

Choice brand electric knife sharpeners with three patent numbers that have expired.[1]

Edgecraft has moved to dismiss the action and in the alternative for a stay pending certain Federal Circuit rulings or for a transfer.

## **DISCUSSION**

35 U.S.C. § 292(a) provides that a person may bring an action against, in pertinent part, "[w]hoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented for the purpose of deceiving the public." Violators "[s]hall be fined not more than $500 for every such offense." Id. In Forest Group, Inc. v. Bon Tool Co., 590 F.3d 1295, 1301-04 (Fed. Cir. 2009), the Court held that every falsely marked product constitutes an "offense" under § 292; in other words, courts must impose the fine on a per-article basis. "Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States." 35 U.S.C. § 292(b).

The disposition of Edgecraft's motion to dismiss has been simplified by recent Federal Circuit rulings; the Court addressed

---

[1] The three patents at issue are United States Patent Numbers 4,807,399 ("the '399 Patent"); 4,897,965 ("the '965 Patent"); and 5,005,319 ("the '319 Patent"). Plaintiff alleges that the '399 Patent has been expired since October 9, 2006; the '965 Patent has been expired since January 31, 2009; and the '319 Patent has been expired since August 22, 2009. (Compl. ¶ 2.)

and rejected two of the three arguments Edgecraft raises.  One of the arguments is that plaintiff does not have Article III standing to bring this suit because he fails to plead that he himself was injured.  In Stauffer v. Brooks Brothers, Inc., --- F.3d ----, 2010 WL 3397419 (Fed. Cir. Aug. 31, 2010), the Federal Circuit treated § 292 as a *qui tam* provision, "a statute that authorizes someone to pursue an action on behalf of the government as well as himself," id. at *3, and held that plaintiffs who bring false-marking actions do not have to allege or show that they were personally injured, just that the United States (the public interest) was injured, id. at *4-6.  The Federal Circuit also rejected the other argument asserted by Edgecraft, that § 292 does not cover the marking of articles with expired patents.  In Pequignot v. Solo Cup Co., 608 F.3d 1356, 1361-62 (Fed. Cir. June 10, 2010), the Federal Circuit held that an article previously covered by a now-expired patent is "unpatented" within the meaning of § 292.[2]

Edgecraft's remaining argument for dismissal is that plaintiff's false-marking claims are subject to the heightened pleading requirements of Rule 9(b) and that plaintiff fails to adequately plead intent under this standard.  Plaintiff responds that he "need not engage in an academic debate about whether 9(b) applies in Section 292 cases" because he has complied with its

---

[2] Edgecraft's alternative motion to stay this matter pending the issuance of the Stauffer and Pequignot decisions is thus moot.

requirements.  (Pl.'s Resp. to Def.'s Mot. to Dismiss at 9 n.4.)

Courts are split on whether Rule 9(b) applies to false-marking claims,[3] but we need not resolve the issue because plaintiff has failed to plead intent to deceive even under the liberal notice-pleading standard of Federal Rule of Civil Procedure 8(a). Pursuant to that standard, a complaint need not contain "detailed factual allegations," but it must have more than mere "labels and conclusions."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obligated to provide the factual grounds of his entitlement to relief, and a "formulaic recitation" of the elements of a claim will not do.  Id.  The complaint must contain sufficient facts to raise a plaintiff's right to relief above a "speculative" level, id. at 555, and the claim must be "plausible on its face," id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Because [§ 292] requires that the false marker act 'for the purpose of deceiving the public,' a purpose of deceit," rather than simple knowledge that a statement is false, is required. Pequignot,

---

[3]/  Compare, e.g., Third Party Verification, Inc. v. Signaturelink, Inc., 492 F. Supp. 2d 1314, 1327 (M.D. Fla. 2007) (holding that Rule 9's level of pleading is not required for false-marking claims) with Juniper Networks v. Shipley, No. C 09-0696 SBA, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009) (holding that false-marking claims are fraud-based and therefore subject to Rule 9's pleading requirements).

608 F.3d at 1363. The relevant allegations of the complaint are as follows:

> 2. . . . On information and belief, Defendant marks certain of its Chef's Choice® branded knife sharpening products with the Expired Patent with the intent to deceive the public and to gain a competitive advantage in the market.
>
> . . .
>
> 10. Upon information and belief, Defendant is a sophisticated company and has many decades of experience applying for, obtaining, and litigating patents.
>
> 11. Upon information and belief, Defendant has previously accused companies of patent infringement.
>
> 12. As a sophisticated company, upon information and belief, that has previous[] litigated or overseen litigation of patent infringement cases and who regularly prosecutes or oversees patent prosecution, Defendant (by itself or by its representatives) knows, or reasonably should know, of the requirements of 35 U.S.C. § 292.
>
> . . .
>
> 24. Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the '399 Patent marked on the EdgeSelect® Professional Knife Sharpener Model 120 has expired.
>
> 25. Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the EdgeSelect® Professional Knife Sharpener Model 120 is not covered by the expired '399 Patent marked on such product because an expired patent has no prospective rights.
>
> 26. Upon information and belief, Defendant intentionally included the expired '399 Patent in the patent markings of the EdgeSelect® Professional Knife Sharpener Model 120, in an attempt to prevent competitors from using the same or similar method of sharpening knives.
>
> 27. Upon information and belief, Defendant marks the EdgeSelect® Professional Knife Sharpener Model 120 with

> the expired '399 Patent for the purpose of deceiving the
> public into believing that something contained in or
> embodied in the product is covered by or protected by the
> expired '399 [P]atent.

(Compl. ¶¶ 2, 10-12, 24-27.)[4]  These allegations do not support a
reasonable inference that Edgecraft acted with a purpose of
deceiving the public.  It is not reasonable to infer this intent
from the bare allegation that defendant is a "sophisticated
company," and the remaining allegations amount to mere "labels and
conclusions" that are insufficient under Twombly.  We are unable
to infer any more than the possibility of misconduct.  "Where a
complaint pleads facts that are merely consistent with a
defendant's liability, it stops short of the line between
possibility and plausibility of entitlement to relief."  Iqbal,
129 S. Ct. at 1949 (internal quotation marks omitted).

Plaintiff contends that his allegations are sufficient
because he is permitted to allege intent generally.  While Rule
9(b) provides that intent may be alleged generally, it does not
give a plaintiff "license to evade the less rigid--though still
operative--strictures of Rule 8."  Iqbal, 129 S. Ct. at 1954.
Pleadings must nonetheless "allege sufficient underlying facts
from which a court may reasonably infer that a party acted with
the requisite state of mind."  Exergen Corp. v. Wal-Mart Stores,

---

[4]  Paragraphs 24-27 pertain to the '399 Patent; paragraphs 42-45 contain
parallel allegations pertaining to the '965 Patent; and paragraphs 58-61 contain
parallel allegations pertaining to the '319 Patent.

Inc., 575 F.3d 1312, 1327 (Fed. Cir. 2009). The complaint does
not afford a basis for believing that plaintiff could prove
Edgecraft's intent.

Plaintiff also argues, citing Exergen, that he may plead
intent on information and belief because intent is "uniquely
within another party's control," 575 F.3d at 1330. Plaintiff's
citation is selective; Exergen states in the very same sentence
that pleading on information and belief when essential information
lies within another party's control is permitted "only if the
pleading sets forth the specific facts upon which the belief is
reasonably based." Id. at 1330 & n.7 (citing cases). The
complaint fails to provide any facts that support the belief.

Because plaintiff has failed to adequately allege that
defendant had the requisite intent to deceive the public, his
claims for false marking will be dismissed. Although defendant
maintains that it would be futile to allow plaintiff to amend the
complaint, the dismissal will be without prejudice. At this
point, we cannot say that it would be futile. In light of our
ruling, we need not address defendant's alternative motion to
transfer the action to the Eastern District of Pennsylvania.

## **CONCLUSION**

For the reasons explained above, defendant's motion to
dismiss the complaint [19] is granted. The dismissal is without
prejudice, and plaintiff is given leave to file an amended

complaint that adequately alleges intent to deceive, if he can do so, by October 12, 2010.  If plaintiff does not file an amended complaint by that date, the case will be dismissed with prejudice. Defendant's motions in the alternative to stay the action [22] and to transfer the action [25] are denied as moot.

DATE:          September 20, 2010

ENTER:     _____
           John F. Grady, United States District Judge